FILED
CLERK, U.S. DISTRICT COURT

MAY - 9 2014

CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGAN GREEN INVESTMENT, LLC AS TRUSTEE OF THE BRANFORD TRUST DATED 10/17/13,<br><br>    Plaintiff,<br><br>    v.<br><br>CUTBERTO COSIO, ET AL.,<br><br>    Defendants. | Case No. CV 14-3081-UA (PJWx)<br><br>[PROPOSED] ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

    Before the Court is an unlawful detainer action that has been improvidently removed from the Los Angeles County Superior Court. For the following reasons, the case is summarily remanded back to the Superior Court.

    On October 31, 2013, after purchasing real property at a foreclosure sale, Plaintiff filed an unlawful detainer action in the Superior Court of Los Angeles to gain possession of the property. On April 22, 2014, Jorge Mayen, who intervened in the unlawful detainer action as a tenant, removed the action to this court. Simply put, because Plaintiff could not have brought this action in federal court in the first place (because there is no subject matter jurisdiction), Defendant cannot remove it to this court. See 28 U.S.C. § 1441(a);

1  and *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563
2  (2005). This case does not meet the requirements of 28 U.S.C. § 1331
3  because it does not raise a federal question. Defendant's attempt to
4  convert the case into a federal one by raising various federal laws as
5  a defense does not alter the analysis. In determining whether there
6  is federal question jurisdiction, the Court looks only to the claims
7  raised in the complaint, not to Defendant's defenses. *See Vaden v.*
8  *Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be
9  predicated on an actual or anticipated defense."). The Complaint sets
10 forth that the state action was brought under state law as an unlawful
11 detainer action.
12     Defendant argues that Plaintiff intentionally crafted the
13 Complaint to appear to raise only state issues when the action really
14 centers on federal law. The Court disagrees. This actions appears to
15 be a routine unlawful detainer action based on state law and does not
16 implicate federal law.
17     The Court also concludes that there is no diversity jurisdiction
18 under 28 U.S.C. §§ 1332 because, even if Defendant could establish
19 that the parties are diverse, it is clear from the face of the
20 Complaint that the amount in controversy is less than $15,000. This
21 figure is based on Plaintiff's claim that Defendant owes rent in the
22 amount $66.00 per day from October 17, 2013, until today. Defendant
23 contends that Plaintiff obtained its rights in the property in a
24 foreclosure sale when it purchased a defaulted note for $310,000 and
25 argues that this establishes that the amount in controversy exceeds
26 $75,000. Defendant is simply mistaken. Defendant is not claiming
27 title to the property. He is arguing that he should not be removed as
28 a tenant and/or should not have to pay rent to Plaintiff because he

1 | did not sign a lease with Plaintiff. Thus, the value of the home is
2 | not in issue, merely the rent, and that amounts to less than $15,000.
3 |     Defendant argues that the case is removable under 28 U.S.C.
4 | § 1443. This provision allows a defendant to remove an action from
5 | state court if he can show that the state court will not enforce
6 | federal equal protection laws. In order to remove a case under this
7 | section, however, a defendant must do more than merely allege that the
8 | state court will not enforce equal protection laws, he must also
9 | allege that he attempted to invoke such a law and that the state court
10 | refused to enforce it because a state law or constitutional provision
11 | commanded the court to ignore federal law. *See Patel v. Del Taco,*
12 | *Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (holding petition for
13 | removal under § 1443 must assert equal protection rights will not be
14 | enforced by state court due to state statute or constitutional
15 | provision that commands state court to ignore federal rights).
16 | Defendant cannot do so here because nothing in the California
17 | Constitution or any state law commands state judges to ignore federal
18 | equal protection guarantees. As such, this argument is rejected.
19 |     Accordingly, IT IS ORDERED that (1) pursuant to 28 U.S.C.
20 | § 1447(c), this matter is REMANDED to the Superior Court of
21 | California, County of Los Angeles, 1725 Main Street, Santa Monica,
22 | California 90401; (2) the clerk shall send a certified copy of this

Order to the state court; and (3) the clerk serve copies of the Order on the parties.

IT IS SO ORDERED.

DATED: 5/7/14

/s/ George H. King
GEORGE H. KING
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Patrick J. Walsh
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-IFP\Civil duty IFP denials\Cosio.wpd